IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


LOUIS SANCHEZ,

    Plaintiff,

  -vs-                                                      No. Civ. 12-0377 LH/LFG

BNSF RAILWAY COMPANY,

    Defendant.


**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Plaintiff's Motion for Rehearing on BNSF Railway Company's Motion for Summary Judgment (ECF No. 76), filed October 25, 2013. The Court, having reviewed the Motion, the accompanying memoranda, and the applicable law, and otherwise being fully advised, finds that Plaintiff's Motion is not well taken and it will be **denied**.

    On September 30, 2013, the Court granted Defendant BNSF Railway Company's ("BNSF") Motion for Summary Judgment on Plaintiff's Ballast-Related Claims, Mem. Op. Order (ECF No. 72), and entered Final Judgment in favor of Defendant on all of Plaintiff's claims, Final J. (ECF No. 73), finding that they were preempted by the Federal Railroad Safety Act. Plaintiff now requests that the Court reconsider its ruling, pursuant to FED. R. CIV. P. 59.[1] "Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously

---

[1] While a motion for reconsideration is not expressly recognized by the Federal Rules of Civil Procedure, "if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e)." *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Pursuant to the 2009 amendments to the Rules, the 10-day period for post-judgment motions was expanded to 28 days. Fed. R. Civ.

1

unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *see also Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir 2012) (quoting parenthetically *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) ("A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" (emphasis omitted) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)))). Thus, relief granting a motion under Rule 59(e) "is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete*, 204 F.3d at 1012).

Plaintiff first maintains that the Court should reconsider its decision to "forgive" BNSF its waiver of the preemption defense, citing *Azar v. Prudential Insurance Co. of America,* 133 N.M. 669, 68 P.3d 909 (N.M. Ct. App. 2003), for the proposition that under New Mexico law, federal preemption is an affirmative defense of avoidance that must be pleaded or it is waived. Br. Supp. Mot. Rehr'g 1-2. He also contends that given "the admittedly non-conforming ballast," BNSF failed to meet its burden of proving that the ballast served the purposes of the governing federal regulations. Mot. Reh'g 1-2. The Court is not convinced that either argument has merit, much less meets the requirements of Rule 59(e).

---

P. 59 advisory committee's notes.

In ruling on the Motion for Summary Judgment, the Court noted that according to the docket record in this matter, Defendant had not answered the Complaint and had not pleaded any affirmative defenses.  BNSF subsequently informed the Court in its Notice of Supplementation of Record (ECF No. 74) on October 8, 2013, that it actually had filed an answer in state court.[2]  Neither that fact, nor that the Answer itself did not raise the preemption defense, however, in any way affects the Court's findings that Plaintiff was not prejudiced by Defendant's apparent omissions, which evidenced no bad faith, and that it was appropriate to address the merits of the Motion for Summary Judgment.  The *Azar* opinion, to whatever extent it might be relevant here, does not require a contrary conclusion.  In that case, the defendant failed to affirmatively assert the defense of federal preemption not only in its answer, but at any point in the proceedings below.  *Azar*, 133 N.M. at 679, 68 P. 3d at 919.  Thus, the lower court did not address, and apparently did not even consider, the issue.  *Id.* at 680, 68 P.3d at 920.  Even under those circumstances, however, the appellate court still found it appropriate to address the preemption claim, albeit on grounds that it fell within the general public interest exception to the preservation rule.  *Id.*

Plaintiff's second argument is equally unavailing.  First, the Court did not, and does not, accept Plaintiff's assertion that the ballast in question was "admittedly non-conforming ballast."  Mot. Rehr'g 1.  Rather, the sole uncontested material fact considered in determining the preemption issue was that "the *allegedly* improper and oversized ballast where Plaintiff's injury occurred was part of and immediately adjacent to trackbed, which was used to support the track structure upon which the locomotives were sitting."  Mem. Op. Order 5-6 (emphasis added).

---

[2]   The Court notes that Plaintiff, too, failed to inform this Court of the answer filed by Defendant in state court, of which it presumably should have been aware.

Additionally, Plaintiff's continued reliance on the dissent in *Nickels v. Grand Trunk W. R.R., Inc.*, 560 F.3d.426 (2009), Br. Supp. Mot. Rehr'g at 2-3, flies in the face of the Court's explicit adoption the reasoning of the *Nickels* majority and its conclusion that the issue of ballast size was substantially subsumed by federal regulation, leaving it to "the railroads' discretion so long as the ballast performs the enumerated support functions." Mem. Op. Order 7 (quoting *Nickels*, 560 F.3d at 431). The Court also addressed and dismissed Plaintiff's restated arguments based on *Henning v. Union Pacific Railroad Co.*, 530 F.3d 1206 (10th Cir. 2008), that the ballast was non-conforming and that BNSF violated a federal safety standard of care. Mem. Op. Order. at 8-9. Any federal standard of care at issue here is established by regulation or order of the Secretary of Transportation, not by the non-binding recommendations of an industry association. *Id.* at 9. Similarly the Court disregarded, as "unsupported and conclusory," Plaintiff's argument that "big rocks" may not meet enumerated regulatory criteria. *Id.*

Clearly, Plaintiff in no way meets the requirements of Rule 59(e): he shows no newly discovered evidence, change in intervening law, clear error, or manifest injustice. Rather, he has merely reiterated his arguments previously made to, and rejected by, the Court.

WHEREFORE,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Rehearing on BNSF Railway Company's Motion for Summary Judgment (ECF No. 76), filed October 25, 2013, is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

4